UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN S. WESTON,<br>Plaintiff,<br>v.<br>JEFFREY MACOMBER, et al.,<br>Defendant. | No. 2:26-cv-01254 DJC CKD (PS)<br><br><u>ORDER AND</u><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff alleges that defendants, consisting of six California correctional and parole officials and/or agents, violated his constitutional rights under 42 U.S.C. § 1983 by subjecting him to unlawful parole supervision and restriction for 1,022 days after their jurisdiction expired.

(ECF No. 1 at 4, 7.)

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) ). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Habeas is the "exclusive remedy" for the prisoner who seeks " 'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011). A prisoner may not bring an action for damages under §1983 for a wrongful decision to incarcerate him unless that decision has been determined to be wrongful. See Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's challenge to the duration of his parole term is barred by the Heck doctrine and not suitable for a damages action under § 1983.

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See id. at 585. Here, the gravamen of the complaint concerns the length of plaintiff's parole term. Plaintiff does not allege facts that state a constitutional claim about his conditions of confinement under § 1983. Thus, the complaint should be dismissed in its entirety without prejudice, such that plaintiff may refile his challenge to his parole term as a habeas action under § 2254.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS HEREBY RECOMMENDED THAT the complaint be dismissed without prejudice and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 31, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/west1254.scrn-f&rs