UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN F. WESTON,

Plaintiff,

v.

JEFFREY MACOMBER, et al.,

Defendants.

No. 2:26-cv-01254 DJC CKD (PS)

ORDER

Plaintiff is proceeding in this action pro se and in forma pauperis. On July 21, 2026, the undersigned issued findings and a recommendation that this action, which appeared from the complaint to challenge the length of plaintiff's parole term, sounded in habeas and should be dismissed. (ECF No. 3.)

Plaintiff has filed objections clarifying the background facts and the basis for his claim pursuant to 42 U.S.C. § 1983. (ECF No. 5.) Accordingly, the undersigned will vacate its recommendation that this action be dismissed.

Plaintiff's original complaint is insufficient to go forward, however. See 28 U.S.C. § 1915(e)(2). Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-

31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim. A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

Here, the original complaint does not meet the Rule 8(a) pleading requirements or state a cognizable claim. The complaint does not explain why a § 1983 action is appropriate at this stage (see ECF No. 5) or allege the elements of a § 1983 constitutional claim against any defendant.[1] Plaintiff asserts in conclusory terms that defendants violated his rights under the Ex Post Facto Clause, "the First Amendment (freedom of speech and association), the Fourth Amendment, the Fifth Amendment (due process), and the Fourteenth Amendment (due process and equal protection)." (ECF No. 1 at 4.) However, he does not allege specific facts linking any defendant's

---

[1] Plaintiff should attach the November 14, 2025 granting his habeas petition in the Sacramento County Superior Court to any amended complaint. See ECF No. 5 at 11-14.

actions to the elements of any constitutional claim.

To prevail in a civil action against state actors for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" under 42 U.S.C. § 1983, a plaintiff must show that "(1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage." Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (cleaned up). Section 1983 "is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred." Id. at 1164 (quotation marks and citation omitted).

Article I, § 10, of the Federal Constitution provides that "[n]o State shall ... pass any ... ex post facto Law." "To fall within the ex post facto prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citation modified). The state court ruling on plaintiff's habeas petition found an ex post facto violation in the lengthening of plaintiff's parole term from three to five years. (ECF No. 5 at 14.)

The Due Process Clause "forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." Armstrong v. Reynolds, 22 F. 4th 1058, 1066 (9th Cir. 2022) (citing Shanks v. Dressel, 540 F.3d 1082, 1090–91 (9th Cir. 2008)). "A section 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Id. (citing Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)).[2]

Plaintiff's original complaint is subject to dismissal. However, plaintiff will be granted leave to file an amended complaint.

////

////

[2] Plaintiff's original complaint does not suggest any basis for First Amendment, Fourth Amendment, or equal protection claims, but plaintiff may assert any additional claims in an amended complaint according to the pleading standards set forth above.

**STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi. include a general background facts section to orient the reader only as necessary;
vii. include her statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of his claims (except for any contracts on which she bases any breach of contract claim);
ix. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
x. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

////

////

////

////

////

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The July 31, 2026 findings and recommendations (ECF No. 3) are VACATED;
2. The complaint (ECF No. 1) is DISMISSED with leave to amend;
3. Plaintiff shall file any amended complaint no later than 28 days from the date of this order; and
4. Failure to timely amend may result in a recommendation that this action be dismissed.

Dated: August 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/west1254.ord